UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL B. FRITZ,

    Plaintiff,                         CIVIL ACTION NO. 07-12395

  v.                             DISTRICT JUDGE GEORGE CARAM STEEH
                                 MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Both Plaintiff's and Defendant's Motions for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings, to include vocational expert testimony, in order determine whether alternative jobs existed in the national economy between March 2001 and April 2004, that claimant could perform given his postural and manipulative limitations.

\*   \*   \*

Plaintiff filed an application for Social Security disability income benefits on May 5, 2003, alleging that he had become disabled and unable to work on March 19, 2001, at age 53, due to severe low back and left knee pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on October 3, 2005, before Administrative Law Judge (ALJ) Bernard Trembly. The ALJ found that the claimant retained the residual functional capacity to perform a full range of light work between March 19, 2001 and April 11, 2004. The Law Judge relied on the Medical-Vocational Guidelines (Rule 202.14) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform prior to April 11. 2004.

Plaintiff celebrated his 55th birthday on April 12, 2004, and was considered to be approaching advanced age for Social Security disability purposes. The ALJ relied on Rule 202.06 of the Medical-Vocational Guidelines to conclude that he was disabled after April 12, 2004. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits prior to April 2004. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 56 years old at the time of the administrative hearing. He had been graduated from high school, and had been employed as a school bus mechanic during the relevant past (TR 53, 259). As a bus mechanic, he did a great deal of walking and standing. He had to constantly bend down and reach over his head. He was required to lift about 50 pounds on a regular basis (TR 53). Claimant stopped working in November 2000, after injuring his back in a work-related accident (TR 260).

Despite undergoing three spinal surgeries (TR 117, 128, 171), Plaintiff alleged that he remained disabled due to severe back pain (TR 261). The back pain allegedly prevented him from sleeping throughout the night, and he claimed that was unable to perform any pushing or pulling (TR 286). Given his back discomfort, Plaintiff estimated that he could stand for perhaps 15 minutes before needing to sit or lie down (TR 277). Pain medications proved ineffective, and he allegedly had to lie down for several hours each day in order to relieve the chronic pain (TR 278). He spent his days at home performing some light household chores and caring for his granddaughter (TR 79-82, 280).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as heavy, skilled activity, which did not impart any transferable skills (TR 288). The Vocational Expert was

not asked whether jobs existed in the national economy for claimant to perform given his known functional limitations.

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of chronic low back and left knee pain, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's impairments precluded him from performing jobs requiring him to lift more than 20 pounds and/or to stand or walk for longer than 6 hours in an 8 hour day. The Law Judge relied on the Medical-Vocational Guidelines (Rules 202.14) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform prior to April 11. 2004. As of April 12, 2004, when Plaintiff attained age 55, the ALJ used the Medical-Vocational Guidelines (Rule 202.06) to conclude that he was disabled and entitled to benefits.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits.  INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original).  If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[1] for additional fact finding.

DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record that Plaintiff remained capable of performing a full range of light work activity prior to April 12, 2004.  I further conclude that the Law Judge failed to sustain his burden of proving that substantial numbers of specific jobs accommodating claimant's known restrictions existed in the

---

[1]Sentence four of 42 U.S.C. 405(g) states:
> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

national economy since March 2001, the alleged onset date of disability. Specifically, the Law Judge erroneously applied the Medical Vocational Guidelines ("the grid") in reaching a conclusion of non-disability. He applied Rule 202.14, Subpart P of Appendix 2, which directs a conclusion that a claimant who is capable of performing a full range of light work is not disabled. Application of the grid in the instant case was erroneous because claimant suffers from significant non-exertional limitations[2] resulting from his degenerative disc disease and chronic left knee pain that prevented him from performing a full range of work activity prior to April 2004.

In <u>Kirk v. Secretary</u>, 667 F.2d 524 (6th Cir. 1981), <u>cert</u>. <u>denied</u>, 461 U.S. 957 (1983), the Sixth Circuit held that application of the grid was appropriate only when the components of the grid precisely matched the claimant's condition. The grid is not fully applicable when the claimant suffers from nonexertional limitations, the effects of which are not incorporated by the grid.

The mere allegation of a nonexertional impairment is not sufficient to preclude application of the grid. "Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a <u>full</u> range of work at a designated level." (emphasis added) <u>Kimbrough v. Secretary</u>, 801 F.2d 794, 796 (6th Cir. 1986) (per curiam); see also <u>Cole v. Secretary</u>, 820 F.2d 768 (6th Cir. 1987). "By the use of the phrase 'significantly diminish' we mean the additional loss of work capacity beyond

---

[2] Non-exertional impairments are defined as "certain mental, sensory or skin impairments" or "impairments [which] result solely in postural and manipulative limitations or environmental restrictions". 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e). Difficulties performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling and crouching are also considered to be non-exertional limitations according to Social Security regulations. 20 C.F.R. §1569a(c)(vi) (2007).

5

a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." Bapp v. Bowen, 802 F.2d 601, 606 (2d Cir. 1986) (footnote omitted).

The medical evidence of record prior to April 12, 2004, supports Plaintiff's allegations that he experienced severe postural and manipulative limitations preventing him from performing a full range of light work. Claimant underwent three back operations between November 2000 and February 2002, to repair several herniated lumbar discs (TR 117, 128, 170). Following each surgery, the claimant embarked upon an intensive rehabilitation effort in an attempt to alleviate chronic back pain radiating into his left leg (TR 95-98, 107, 150, 184-185).

After reviewing Plaintiff's medical history, Dr. Ravi Lakkaraju, a treating physician, testified at a deposition in August 2005, that the claimant was permanently unable to perform work requiring any lifting, pulling, pushing or carrying more than five pounds. The doctor restricted Plaintiff from jobs that required standing or walking for more than 10 or 15 minutes at a time (TR 226, 234). The Commissioner's consulting examiner, Dr. Gavin Awerbuch, stated in May 2003, that Plaintiff had limited ability to sit, stand and walk (TR 244). A state agency reviewer[3] described Plaintiff as capable of light work provided that he was not required to do more than occasional stooping, balancing, kneeling, crouching, climbing and crawling. The state reviewer restricted claimant to jobs that did not require pushing or pulling with his lower extremities, or exposing him to dangerous heights (TR

---

[3] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(I) (2007).

204-205). These limitations constituted non-exertional impairments that entitled Plaintiff to a non-guideline determination.

The medical record between March 2001 and April 2004, clearly demonstrated that the claimant's back and knee impairments prevented him from performing certain postural and manipulative functions on a regular basis. Plaintiff could not perform a full range of light work prior to April 2004, despite three back operations, given the serious long term functional limitations stemming from his back and left knee pain. These non-exertional limitations precluded simple application of the grid to direct a decision.

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (1982). This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980). Because claimant could not perform a full range of light work prior to April 2004, his characteristics did not precisely fit the pattern of the medical vocational guidelines and the ALJ was required to make a nonguideline determination. Kirk, 667 F.2d at 531. Therefore, I am persuaded that this case should be remanded to the Commissioner for further proceedings, to include vocational expert testimony as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy prior to April 12, 2004.[4]

---

[4]The fact that both the treating physician and state agency reviewer found him capable of returning to work with certain restrictions (TR 204, 234) precludes a judicial award of benefits as the proof of disability was not "overwhelming". See Faucher v. Secretary of Health and Human Services, 17 F.3d at 175.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 18, 2007

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

_____

**CERTIFICATE OF SERVICE**

I hereby certify on October 18, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 18, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217

8